83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick W. SMITH, Plaintiff-Appellant,
v.
James GOMEZ, Director; Jerry Stainer, Warden; T. Vaughn;
H. Dain, Lieutenant; R. Bird, Lieutenant; D.K. Gilbert, L.
Gunni, Sergeant; F. Schmidt, Correctional Counselor; Joe
Martinez, Superintendent; H. Hoag, C/o; K. Chagnon; J.
Dones, C/o; F.A. Moore, C/o Jack R. Reagan, Chief of Inmate
Appeals, Defendants-Appellees.
 No. 95-15594.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 26, 1996.
 
 Before: HALL, THOMPSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick Smith appeals the district court's summary judgment in favor of state prison officials in his 42 U.S.C. § 1983 action. We review the district court's decision under the de novo standard. See Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). Under this standard, "we do not defer to the lower court's ruling but freely consider the matter anew, as if no decision had been rendered below." United States v. Silverman, 861 F.2d 571, 576 (9th Cir.1988).
 
 I.
 
 3
 Smith contends that prison officials violated his 14th Amendment rights by dismissing him from his job in the prison silk screening department on account of his race. To withstand summary judgment on this claim, Smith must establish a prima facie case of racial discrimination. A plaintiff makes a prima facie case by proving that: 1) he is a member of a minority class; 2) he is qualified for the job in question; 3) he was demoted or discharged; 4) his position was filled by an individual of a different race. See McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973). These requirements apply not only to Title VII claims, but also to "racial-discrimination-in-employment claims under 42 U.S.C. § 1983." St. Mary's Honor Center v. Hicks, 113 S.Ct. 2742, 2746-47, n. 1 (1993).
 
 
 4
 Smith fails to establish a prima facie case because he has not satisfied the third requirement. There is no evidence that he was demoted. The record shows only that he was reassigned from one department of the Prison Industry Authority to another. "[A] reassignment is not a demotion unless the employee can show that he receives less pay, has less responsibility, or is required to utilize a lesser degree of skill than his previous assignment." Hooks v. Diamond Crystal Specialty Foods, Inc., 997 F.2d 793, 799 (10th Cir.1993). Smith fails to make such a showing. We affirm the district court's summary dismissal of Smith's discrimination claim.
 
 II.
 
 5
 Smith claims he was placed in administrative segregation without receiving the procedural due process protections required by Wolff v. McDonnell, 418 U.S. 539, 563-72 (1974). The district court dismissed the claim because Smith himself requested placement in administrative segregation. On appeal, Smith asserts that prison officials "coerced" this request. The record does not support this assertion. Smith's temporary placement in administrative segregation at his own request was not an "atypical, significant deprivation in which a state might conceivably create a liberty interest." See Sandin v. Conner, 115 S.Ct. 2293, 2301 (1995). His due process challenge fails.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3